UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| LARRY D. BEST, JR., | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | CASE NO.  1:03-CV-402 WCL |
| | ) | |
| PORTLAND POLICE DEPARTMENT, | ) | |
| SGT. PATRICK D. WELLS, | ) | |
| ROBERT W. MYERS, | ) | |
| STEVE W. SCHLECHTY, | ) | |
| JUDSON T. WICKEY, | ) | |
| and CITY OF PORTLAND, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

On October 1, 2007, Plaintiff Larry D. Best Jr., ("Best") filed a "Motion for Relief from Judgment" pursuant to Fed.R.Civ.P. 60(b) challenging this court's grant of summary judgment in an Opinion and Order entered on June 19, 2007.  Best currently has an appeal pending in the Seventh Circuit Court of Appeals (Docket #07-2765) wherein he is appealing  this same Opinion and Order.[1]  The Defendants responded to Best's motion on October 11, 2007 to which Best replied on October 22, 2007.  For the following reasons, Best's motion is DENIED.[2]

Rule 60(b) allows a district court to relieve a party from a judgment on the narrow grounds

---

[1] On November 20, 2007, the Seventh Circuit dismissed Best's appeal for failure to pay the filing fee.  On November 21, 2007, the Seventh Circuit reinstated the appeal after Best filed a Motion for Extension of Time to pay the filing fee.  Best now has until December 12, 2007 to pay the filing fee.

[2] The pendency of the appeal does not foreclose this court from denying the present motion. *Boyko v. Anderson,* 185 F.3d 672, 675 (7th Cir. 1999) (holding that a judge has the power to deny, though not to grant, a Rule 60(b) motion filed while an appeal is pending because a denial of the motion does not alter the judgment that is under appeal and therefore does not interfere with or threaten to duplicate the appellate proceedings).

1

of mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, voidness, or "any other reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b).  This last ground is known as the "catchall provision." A motion under the "catchall" provision contained in Rule 60(b)(6) must be made "within a reasonable time" and requires a showing of "extraordinary circumstances." *Pioneer Inv. Serv. Co. v. Brunswick Assocs.,* 507 U.S. 380, 393 (1993).  Indeed, because Rule 60(b) relief is regarded as an extraordinary remedy, it is granted only in exceptional circumstances. *Id.* Rule 60(b) does not, however, authorize a motion merely for reconsideration of a legal issue. *Marques v. Fed. Reserve Bank of Chicago,* 286 F.3d 1014, 1017-18 (7th Cir.2002) ("Legal error is not one of the specified grounds for a Rule 60(b) motion; in fact, it is "a forbidden ground.").

   Here, Best does not delineate which ground of Rule 60(b) he relies upon in his motion but, from the accompanying documents, it appears that Best is asserting "newly discovered evidence" and/or the catch-all provision as the grounds for relief. What is clear from his filings, however, is that Best seeks relief from this court's conclusion that his §1983 claims are barred by the doctrine of collateral estoppel.  Whether his claims are barred by collateral estoppel is a legal issue; yet Best bases his argument on the theory that he has "newly discovered evidence" which would alter the legal conclusion made by this court.

    A review of the facts of this case indicate that Best was arrested in 2002 on two counts of dealing methamphetamine.  Best challenged his arrest on Fourth Amendment grounds via a motion to suppress which was denied by the Circuit Court and affirmed on appeal.  Ultimately, the charges were dismissed as Best was tried and convicted on three unrelated felony charges.  He was then sentenced as a habitual offender and received concurrent 45 year sentences on each count.  Best then

2

filed the present lawsuit seeking redress for perceived Fourth Amendment violations as well as other constitutional violations. Defendants moved for summary judgment and the undersigned granted that motion on various grounds, the key ground being that Best was collaterally estopped from pursuing his §1983 claims because he had already had an opportunity to litigate those claims in state court and lost.

In his latest motion, Best takes issue with the conclusion that he had an opportunity to fully and fairly litigate his search and seizure issues in his state criminal proceedings because, he contends, his criminal defense attorney did not have complete discovery until after the conclusion of his appeal. Best has attached this discovery to his motion and believes it alters the outcome of this case..

A Rule 60 motion will be granted on the basis of newly discovered evidence only if the evidence is material and not merely cumulative or impeaching. *See Jones v. Lincoln Elec. Co.,* 188 F.3d 709, 732 (7th Cir.1999). "Rule 60(b) ... does not provide relief simply because litigants belatedly present new facts or arguments after the district court has made its final ruling." Deloney v. McCann, 229 Fed.Appx. 419, 422, 2007 WL 1175758, \*\*2 (7th Cir. 2007) (quoting *Jinks v. AlliedSignal, Inc.,* 250 F.3d 381, 387 (6th Cir.2001)). Here, all of the evidence that Best attaches to his motion could have been presented in response to the Defendants' summary judgment motion. More importantly, the evidence does not change the undersigned's conclusion that Best is collaterally estopped from prevailing in this case by the findings made in the state court, where Best was represented by counsel, that his Fourth Amendment rights were not violated by the Defendants' actions.

Therefore, it is **ORDERED** that Best's motion for Relief from Judgment (Docket #89), is denied.

SO ORDERED.

This 29th day of November, 2007.

s/ William C. Lee
United States District Court
