UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| LARRY D. BEST, JR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No. 1:03 CV 402 |
| | ) |
| SGT. PATRICK D. WELLS, | ) |
| ROBERT W. MYERS, | ) |
| STEVE W. SCHLECHTY, and | ) |
| JUDSON T. WICKEY | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

In anticipation of their upcoming trial, the parties filed Motions in Limine [DE 142, 144] seeking to exclude certain types of evidence from reaching the jury in the case. The parties have each responded to the motions and, for the reasons stated below, the motions are DENIED in part and GRANTED in part.

## BACKGROUND

Plaintiff, Larry Best ("Best") filed the present lawsuit asserting that the police violated his Fourth Amendment rights when they falsely arrested him and conducted two unlawful searches, all on December 6, 2002. The thrust of his assertions are that the police planted methamphetamine in a cigarette carton when they arrived at 631 Water Street to arrest him on two outstanding warrants. He further asserts that the planted evidence was then utilized to justify his arrest on drug charges as well as to obtain a search warrant for the property at 2687 East Treaty Line Road, the search of which uncovered more drugs. After Best spent 1,290 days in jail on these charges, they were dismissed because, according to the defendants, Best had other, more serious, charges surface. He

1

seeks damages arising from the arrest and subsequent incarceration.

## DISCUSSION

"A motion in limine is a request for guidance by the court regarding an evidentiary question." *Wilson v. Williams*, 182 F.3d 562, 570 (7th Cir.1999) (citation omitted). "Federal district courts have the power to exclude evidence *in limine* pursuant to their authority to manage trials." *Dartey v. Ford Motor Co.,* 104 F.Supp.2d 1017, 1020 (N.D.Ind.2000) (citation omitted). "[A]s the term 'in limine' suggests, a court's decision on such evidence is preliminary in nature and subject to change." *Id.; see United States v. Connelly,* 874 F.2d 412, 416 (7th Cir.1989) (emphasizing that an order either granting or denying a motion in limine is "a preliminary decision ... subject to change based upon the court's exposure to the evidence at trial"). Indeed, the Seventh Circuit Court of Appeals has noted that "a ruling [in limine] is subject to change when the case unfolds, particularly if the actual testimony differs from what was contained in the proffer." *Connelly,* 874 F.2d at 416 ("[E]ven if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling."). Thus, a ruling on a motion in limine is not necessarily the final determination on the admissibility of the evidence discussed in the motion. *See Wilson,* 182 F.3d at 570-71. Instead, an order on a motion in limine is essentially an advisory opinion, "merely speculative in effect." *Id.* (citing *Luce v. United States,* 469 U.S. 38, 41, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984)).

A.  **Plaintiff's Motion in Limine**

Best's motion in limine seeks to exclude from the jury's consideration his prior bad acts and criminal convictions not related to the criminal charges underlying the present case "that would not be admissible as impeachment under Rule 609 of the Federal Rules..." (Motion, p. 1). His motion

does not list the particular "bad act evidence" he is referencing nor does it list the particular convictions he is seeking to exclude. However, the Defendants' brief elucidates that Best is currently serving a 45 year sentence for a 2005 conviction for possession of cocaine or narcotic drugs, conspiracy / dealing in cocaine or narcotic drugs, both Class A felonies. In addition, Best has a 2003 felony conviction for resisting law enforcement.

Under Federal Rule of Evidence 609(a)(1), evidence of prior felony convictions is admissible in a civil case to impeach the credibility of the plaintiff, subject to Rule 403. Under Rule 403, the district court must balance the probative value of the evidence against the risk of unfair prejudice to the plaintiff. Even though evidence may be relevant, it may still be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. *Id.* Convictions older than ten years are generally not admissible.

Here, there is no dispute that less than ten years has elapsed since the two felony convictions cited by the Defendants nor is there any dispute that the two convictions would be probative to impeach the plaintiff's credibility. Indeed, Rule 609 "is based upon 'the common sense proposition' that an individual who has 'transgressed society's norms by committing a felony is less likely than most to be deterred from lying under oath.'" *Walden v. Georgia-Pacific Corp.,* 126 F.3d 506, 523 (3d Cir.1997) (internal citation omitted). Moreover, the plaintiff's motion in limine does not seek to silence the fact of the convictions if they are utilized for impeachment purposes; rather, he seems to acknowledge from the outset that those convictions would be admissible under Rule 609. Plaintiff also does not argue that the prejudicial value of the prior convictions <u>for impeachment</u> substantially outweighs the probative value.

What the plaintiff's motion is intended to preclude is any attempt by the Defendants to

3

muddy up Best with matters extraneous to the claims upon which he has sued. But with respect to Best's prior convictions, "the details of the prior conviction should not be exposed to the jury." *United States v. Douglas,* 408 F.3d 922, 929 (7th Cir.2005) (quoting *United States v. White,* 222 F.3d 363, 370 (7th Cir.2000), with internal quotation from *White* omitted). Thus, even where a prior conviction is admissible, opposing counsel may not "harp on the witness's crime, parade it lovingly before the jury in all its gruesome details, and thereby shift the focus of attention from the events at issue in the present case to the witness's conviction in a previous case.' " *United States v. Smith,* 454 F.3d 707, 716 (7th Cir.2006) (quoting *Campbell v. Greer,* 831 F.2d 700, 716 (7th Cir.1987)). The Rule, rather, "restricts the introducing party to 'identifying the particular felony charged, the date, and the disposition of a prior conviction.' " *United States v. Barnhart,* 559 F.3d 737, 747 (7th Cir.2010) (quoting *Smith,* 454 F.3d at 716). Accordingly, the Defendants will be subject to the above limitations if the prior convictions are utilized to impeach Best at trial.

Best's motion also mentions "any conduct, alleged criminal charges or events, not necessarily reduced to convictions, including convictions of co-defendants in the criminal case." (Motion p. 1). Presumably, what Best is referencing is the fact that others were arrested (and perhaps convicted) as part of the criminal investigation for which Best was also arrested. It is unclear whether some or all of these individuals will be testifying in the trial. However, it appears that Best seeks to exclude any evidence that others were charged with or convicted of crimes in the criminal case involved in this lawsuit under Rule 403, i.e., that the probative value is substantially outweighed by the prejudicial effect of such evidence.

The Defendants' brief is silent on this latter issue; rather, the focus of the Defendants' brief

4

is solely on the admissibility of the two prior convictions.[1] Thus, whether the Defendants intend to introduce this type of evidence remains a mystery. As a general matter, however, the Court agrees that evidence that others faced charges or were convicted of the same charges that were dismissed against Best is highly prejudicial and far outweighs the probative value of this evidence. However, if these "other" individuals testify at Best's trial and were, in fact, convicted of felony convictions arising from the same criminal investigation as Best, Rule 609, as articulated above, would seemingly permit the Defendants to inquire as to the fact of conviction for impeachment purposes. This said, however, it is premature for the court to make any assessment without the exact evidence to be elicited at trial. For now, the Plaintiff's Motion in Limine is GRANTED as to any mention of Best's prior convictions to the extent that they are not utilized for impeachment purposes under Rule 609. The remainder of the Motion in Limine will remain under advisement and revisited at trial on a case by case basis once it is clear what evidence is sought to be admitted.

**B.**     **Defendants' Motion in Limine**

Defendants filed a six part Motion in Limine seeking to exclude any references to (1) the dismissal of the criminal charges arising from the December 6, 2002 arrest; (2) the reversal of summary judgment by the Seventh Circuit; (3) any prior or subsequent incidents, claims or lawsuits involving the defendants or other members of the Portland Police Department; (4) the disciplinary records of the defendant Officers or any other members of the Portland Police Department; (5) attorney's fees; and (6) any settlement negotiations by the parties. In his response, Best has no opposition to items two through six above. The sole focus of his opposition relates to the first item,

---

[1] The Defendants do note that Best also has a 1997 felony burglary conviction as well as a 2003 misdemeanor conviction for operating a vehicle while intoxicated. However, they agree that those convictions are inadmissible under Rule 609.

whether Best is permitted to reference the fact that he was held from December 6, 2002 through June 6, 2006 on charges stemming from the searches he claims are illegal. Best asserts that this fact is a key element of his damages and that the charges were dismissed after Best's defense attorney filed a supplemental motion to suppress evidence asserting that the officers utilized incomplete and misleading information to obtain a search warrant.

In response, the Defendants claim that Best is attempting to utilize the fact of dismissal to persuade the jury that his arrest was wrongful or that probable cause for his arrest or the searches did not exist. They further argue that the Jay County Prosecutor's Office dismissed the criminal charges because Best was convicted on other charges for which he is currently serving a 45 year sentence. Best, however, asserts that although he was convicted of unrelated drug charges in November 2005, the charges related to the 2002 searches were not dismissed until June, 2006. He contends that the delay in dismissing these charges after his conviction permits an inference that a different reason existed for the dismissal.

Federal Rule of Evidence 403 provides that relevant evidence may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury...." The Defendants assert that the jury will unfairly infer improper motive if it learns that the charge against Best were ultimately dismissed. To support their position, the Defendants quote from *Boyce v. Fernandes,* 77 F.3d 946, 950 (7th Cir.1996):

> The fact that in the end Boyce was not prosecuted does not establish the absence of probable cause, and not only because the legal standard and the evidentiary requirements for probable cause are more stringent at the preliminary hearing than at the arrest stage, the point emphasized in *Williams v. Kobel,* 789 F.2d 463, 469 (7th Cir.1986). The majority of lawfully arrested persons are not prosecuted. Prosecutors' time and other resources are severely limited in relation to the amount of crime in this country, and prosecution may be declined merely because the

6

evidence of guilt is not overwhelming.

*Id.* Referencing the above language, the Defendants contend that not only is the evidence prejudicial but the dismissal of the charges is irrelevant since it has no bearing on whether probable cause existed at the time of the arrest or at the time of the searches.

The Defendants are correct that evidence that the charges were dismissed are irrelevant to the issue of whether the arrest was proper and, to the extent, the jury would infer improper motive from the dismissal, the evidence even if relevant, is prejudicial. However, Best's alleged damages do extend from the date of arrest and the following 1,290 days of incarceration and he is entitled to tell the jury how he was damaged by the alleged wrongful police conduct. For this reason, the Court concludes that the best course is for the parties to enter into a stipulation to be read to the jury which simply identifies the fact that Best was incarcerated as a result of his arrest for 1,290 days. Other than the stipulation, which the parties shall submit to the Court in advance of trial, the Motion in Limine is GRANTED.[2]

The remainder of the Defendants' Motion in Limine is also GRANTED as it is unopposed.

## **CONCLUSION**

Based on the foregoing, the Plaintiff's Motion in Limine [DE 144] is GRANTED to the extent described in this Order; the Plaintiff's Motion in Limine as to "other acts" remains UNDER ADVISEMENT and will be ruled on at trial as the circumstances warrant. The Defendants' Motion

---

[2] A second option is to permit Best to identify that the charges were dismissed but allow the Defendants to provide evidence as to why they were dismissed. This could be followed by a limiting instruction by the Court indicating that the fact that the charges were dismissed should not be considered as evidence that the arrest was or was not proper.

in Limine is GRANTED [DE 142]. The parties are to file an agreed written stipulation with the Court as discussed herein.

Entered: This 13th day of September, 2010

s/ William C. Lee
United States District Court